# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 6:26-03157 |
| | ) |
| SELECTQUOTE INSURANCE | ) |
| SERVICES INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT, SELECTQUOTE INSURANCE SERVICES'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO <u>DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT</u>

Bradley J. St. Angelo, Esq. (*PHV*)
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002-8319
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: bstangelo@sessions.legal

and

Paul M. Croker          #57000
Madeline L. Mann          #78084
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Phone: 816-221-3420
Fax: 816-221-0786
pcroker@atllp.com
mlmann@atllp.com

*Attorneys for Defendant,*
*SelectQuote Insurance Services*

# I. TABLE OF CONTENTS

I.    **TABLE OF CONTENTS** ..........................................................................................ii

II.   **TABLE OF AUTHORITIES** .............................................................................iii

III.  **INTRODUCTION** ............................................................................................. 1

IV.  **FACTS AND BACKGROUND** ........................................................................ 1

V.   **LAW AND ARGUMENT** ................................................................................. 2

     1.    **Motion To Dismiss Standard.** ............................................................... 2

     2.    **The TCPA's DNC Provisions Do Not Apply To Text Messages.** ............ 3

     3.    **Plaintiff Did Not Register The Number On The DNC List.** .................... 6

VI.  **CONCLUSION** ................................................................................................. 7

# II.   TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................2, 3
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2008)................................................................................................2, 3
*Davis v. CVS Pharmacy, Inc.*,
  797 F. Supp. 3d 1270 (N.D. Fla. 2025)......................................................................4
*Duran v. La Boom Disco, Inc.*,
  955 F.3d 279 (2d Cir. 2020)........................................................................................6
*El Sayed v. Naturopathica Holistic Health, Inc.*,
  No. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469 (M.D. Fla. Oct.
  24, 2025)........................................................................................................................4
*Jones v. Blackstone Med. Servs., LLC*,
  792 F. Supp. 3d 894 (C.D. Ill. 2025)..........................................................................4
*Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*,
  507 U.S. 163 (1993)......................................................................................................3
*Loper Bright Enterprises v. Raimondo*,
  603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024)........................................5
*Lopresti v. Nouveau Essentials Mktg. LLC*,
  No. 5:25-cv-00282-CEM-PRL, 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb.
  26, 2026) (report and recommendation) ....................................................................5
*McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*,
  606 U.S. 146, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025)........................................5
*Minn. Telecom All. v. FCC*,
  2026 U.S. App. LEXIS 13157 (8th Cir. May 6, 2026) ..............................................3
*Oklahoma v. Castro-Huerta*,
  597 U.S. 629 (2022)......................................................................................................4
*Radvansky v. 1-800-Flowers.com, Inc.*,
  No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415 (N.D. Ga. Feb. 17,
  2026) ..............................................................................................................................4
*Radvansky v. Kendo Holdings, Inc.*,
  No. 3:23-cv-00214-LMM, 2026 U.S. Dist. LEXIS 65154 (N.D. Ga. Feb. 12,
  2026) ..............................................................................................................................5
*Republic of Hungary v. Simon*,
  604 U.S. 115 (2025)......................................................................................................3
*Richards v. Shein Distribution Corp.*,
  No. 1:25-cv-01385-TWP-TAB, 2026 U.S. Dist. LEXIS 65697 (S.D. Ind. Mar.
  26, 2026) ........................................................................................................................5

*Rogers v. Assurance IQ, LLC*,
    No. 2:21-cv-00823-TL, 2023 U.S. Dist. LEXIS 51955, (W.D. Wash. Mar. 27,
    2023) ................................................................................................................ 7
*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
    No. 22-CV-15-CJW-MAR, 2022 U.S. Dist. LEXIS 124614 (N.D. Iowa June 9,
    2022) ........................................................................................................... 6, 7
*Satterfield v. Simon & Schuster, Inc.*,
    569 F.3d 946 (9th Cir. 2009) .......................................................................... 6
*Stockdale v. Skymount Prop. Grp., LLC*,
    No. 1:25 CV 1282, 2026 U.S. Dist. LEXIS 42954 (N.D. Ohio Mar. 3, 2026) .............. 5
*United States v. Jungers*,
    702 F.3d 1066 (8th Cir. 2013) ........................................................................ 3
*United States v. Lester*,
    92 F.4th 740 (8th Cir. 2024) ........................................................................... 3

**Statutes**

47 U.S.C. § 227(b).................................................................................................. 6
47 U.S.C. § 227(c) ................................................................................................. 6
47 U.S.C. § 227(c)(5) ..................................................................................... 3, 4, 5, 7

**Rules**

Fed. R. of Civ. P. 12(b)(6) ....................................................................................... 2

**Regulations**

47 C.F. R. § 64.1200(c)(2)........................................................................................ 6
47 C.F.R. § 64.1200(c)............................................................................................ 3

## III.  INTRODUCTION

Ask anyone how many telephone calls they've received on their cell phone in the past week. If pressed for an exact number, most will start counting from the "Recent Calls" in their phone app. Not one will open their text messaging app. Simply put, no one thinks a text message is the same thing as a telephone call. Certainly Congress did not 35 years ago before the first text message was ever sent. Nevertheless, plaintiff alleges SelectQuote violated § 227(c)(5) of the Telephone Consumer Protection Act ("TCPA") by sending her telemarketing text messages without her consent. But that section of the TCPA only applies to "telephone calls," and plaintiff does not allege SelectQuote placed even a single telephone call to her. A plain reading of the statute confirms plaintiff fails to state a claim under the TCPA.

Moreover, only subscribers who register their numbers to the National Do Not Call Registry may assert claims under the TCPA's DNC provisions. Plaintiff tacitly admits she did not register her number because she does not claim to have been the subscriber when the number was registered. Nor does she allege the individual who did register the number failed to consent to contact by SelectQuote. Even if text messages were telephone calls, she still fails to state a TCPA claim, and her Complaint must be dismissed.

## IV.  FACTS AND BACKGROUND

1.  On or about January 1, 2008, someone other than plaintiff registered the telephone number (417) XXX-XXXX (the "Number") to the National Do Not Call Registry ("DNC List"). *See* Complaint (Doc. 1) at ¶ 11.

1

2. More than seventeen years later, on or about July 25, 2025, Plaintiff contends she became "the regular and sole user" of the Number. *Id.* at ¶ 8. Plaintiff does not allege she registered the Number with the National Do Not Call Registry.

3. Plaintiff alleges SelectQuote delivered, or caused to be delivered, two text messages to the Number on October 10 and October 24, 2025. *Id.* at ¶ 18. She does not allege receiving any telephone calls from SelectQuote.

4. Plaintiff alleges the text messages were intended for "Polly,"[1] not for her. *Id.* at ¶ 20.

5. The text messages to "Polly" relate to Polly's "Healthcare Select membership." *See* screenshots following ¶ 19 of the Complaint.

## V. LAW AND ARGUMENT

### 1. Motion To Dismiss Standard.

Under Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is

---

[1] Plaintiff has also filed other TCPA lawsuits based on alleged calls or text messages directed to "Polly," the Healthcare Select member referenced in the text messages and presumably the individual who registered the Number on the DNC List. *See, e.g., Rush v. Journey Builders Inc.*, W.D. Mo. Case No. 6:26-cv-03163; *Rush v. Leadpoint, Inc.*, W.D. Mo. Case No. 6:25-cv-03331; *Rush v. Pulsar Publishing, LLC*, W.D. Mo. Case No. 6:25-cv-03369; *Rush v. Honest Pest Services LLC*, S.D. Tex. Case No. 4:26-cv-02580; *Rush v. Manchac Roofing TX, LLC*, S.D. Tex. Case No. 4:26-cv-01293; *Rush v. Root Insurance Company*, S.D. Ohio Case No. 1:25-cv-00775.

2

facially plausible when the plaintiff has pled facts allowing the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570.

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant and all facts pleaded are taken as true. *See Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993). However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true. *Iqbal*, 556 U.S. at 677–78. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678.

## 2. The TCPA's DNC Provisions Do Not Apply To Text Messages.

Section 227(c)(5) of the TCPA unambiguously limits its application to "telephone calls," not text messages. 47 U.S.C. § 227(c)(5). Statutory interpretation begins "with the statute's plain language, giving words the meaning that proper grammar and usage would assign them." *Minn. Telecom All. v. FCC*, 2026 U.S. App. LEXIS 13157, *50 (8th Cir. May 6, 2026) (quoting *United States v. Lester*, 92 F.4th 740, 742 (8th Cir. 2024)). "If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." *Id.* at *50–51 (quoting *United States v. Jungers*, 702 F.3d 1066, 1069 (8th Cir. 2013)). The U.S. Supreme Court has stated "the statutory text … best reflects Congress's intent[.]" *Republic of Hungary v. Simon*, 604 U.S. 115, 137 (2025).

Plaintiff contends SelectQuote violated "47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement

3

or marketing ***text message***" to the Number. *See* Complaint at ¶ 2 (emphasis added). "The fundamental problem" with plaintiff's contention "is that the [TCPA's] text … says no such thing." *See Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022). Instead, § 227(c)(5) provides a private right of action only to a "person who has received more than one ***telephone call*** within any 12-month period by or on behalf of the same entity in violation of" certain regulations. 47 U.S.C. § 227(c)(5) (emphasis added). Congress did not authorize a private action for receipt of "text messages," "SMS messages," "wireless messages," or "telephone calls or messages." It authorized a private action for receipt of "telephone call[s]." *Id.*

Congress's choice of words matters. "The statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages." *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415, *10 (N.D. Ga. Feb. 17, 2026). Numerous courts considering this issue have reached the same conclusion. *See Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899–900 (C.D. Ill. 2025) ("[U]nder a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages."); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1275–76 (N.D. Fla. 2025) ("[Plaintiff] had to allege that he received at least two 'telephone calls.' He alleged receiving only text messages. And because text messages are not telephone calls, he has not stated a claim."); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, *3 (M.D. Fla. Oct. 24, 2025) ("In addition to the fact that in common American English usage, a 'telephone call' and a 'text message' are separate and distinct forms of communication, the term 'text message' appears

4

elsewhere in the TCPA and related amendments, an appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction.") (citing Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P, § 503(a)); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-00214-LMM, 2026 U.S. Dist. LEXIS 65154, *6 (N.D. Ga. Feb. 12, 2026) ("[B]ecause the Court finds that text messages do not fall within the term 'telephone call' under Section 227(c)(5), Plaintiff's claim fails as a matter of law."); *Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25 CV 1282, 2026 U.S. Dist. LEXIS 42954, *3 (N.D. Ohio Mar. 3, 2026) ("[T]his Court joins several others in holding that the term 'telephone call' as used in Section 227(c)(5) of the TCPA does not encompass 'text messages.'"); *Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385-TWP-TAB, 2026 U.S. Dist. LEXIS 65697, *13 (S.D. Ind. Mar. 26, 2026) ("[T]he Court conclude[s] that 'telephone call' under § 227(c)(5) of the TCPA does not include text messages[.]"); *Lopresti v. Nouveau Essentials Mktg. LLC*, No. 5:25-cv-00282-CEM-PRL, 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb. 26, 2026) (report and recommendation) (recommending judgment on the pleadings where plaintiff alleged only text messages).[2] This Court should follow suit and hold that text messages are not actionable under § 227(c)(5).

---

[2] *But see Stockdale*, 2026 U.S. Dist. LEXIS 42954 at *3 (acknowledging courts "around the country are split as to the outcome of this issue, in light of the Supreme Court's recent decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024) and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025), which redefined how courts consider agency guidance when interpreting statutes"). SelectQuote is unaware of any post-*McLaughlin* decisions on the issue in the Eighth Circuit.

In her Complaint, plaintiff cites *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) and *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) to support her contention that a "text message is a 'call' as defined by the TCPA." Complaint at ¶ 56. However, those cases involved TCPA claims under § 227(b) rather than § 227(c) as here and are inapposite.

Here, plaintiff's § 227(c) claim is limited to text messages rather than telephone calls. Because the alleged text messages at issue are not "telephone calls" under the TCPA as a matter of law, plaintiff fails to state a claim under the TCPA. Therefore, the Court should dismiss this case with prejudice.

### 3. Plaintiff Did Not Register The Number On The DNC List.

Although plaintiff alleges the Number "has been registered" with the DNC List since January 2008, she does ***not*** allege she is the "subscriber who has registered his or her telephone number." Complaint at ¶ 11; 47 C.F. R. § 64.1200(c)(2). Indeed, she does not allege being the "subscriber" at all. Instead, she alleges she has been "the regular and sole user" of the Number "since July 25, 2025." Complaint at ¶ 8. In other words, plaintiff concedes she did not register the Number. Because she is not the subscriber who registered the Number, plaintiff fails to state a claim under the TCPA.

"The plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber *who has registered his or her telephone number* on the national do-not-call registry." *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 U.S. Dist. LEXIS 124614, \*5–6 (N.D. Iowa June 9, 2022) (emphasis in original). "Section 64.1200(c) was promulgated under Section

6

227(c)(5). But Section 61.1200(c) does not include a private remedy for a residential telephone subscriber who has not registered his or her telephone number on the national do-not-call registry. The regulation's plain language provides no distinction for a telephone number that had previously been registered on the national do-not-call registry by someone else." *Id.* at \*6; *see also Rogers v. Assurance IQ, LLC*, No. 2:21-cv-00823-TL, 2023 U.S. Dist. LEXIS 51955, \*12 (W.D. Wash. Mar. 27, 2023) (finding plaintiffs failed to state a claim under § 227(c)(5) where "the numbers could have been registered by previous owners of those numbers rather than by Plaintiffs themselves").

Because plaintiff clearly did not register the Number on the DNC List, she fails to state a claim, and the Court should dismiss the case.

## VI.    <u>CONCLUSION</u>

Plaintiff's claim fails as a matter of law. Section 227(c)(5) of the TCPA creates a private right of action only for receipt of more than one "telephone call," and plaintiff alleges only text messages. Separately, plaintiff does not allege she registered the Number on the DNC List, and her own chronology shows the alleged registration predates her alleged use of the Number by more than seventeen years. Because Plaintiff has not pled an actionable violation of § 227(c)(5), SelectQuote respectfully requests the Court dismiss Plaintiff's Class Action Complaint with prejudice and grant such further relief as the Court deems just and proper.

7