## Procedures as to Proposed Scheduling Orders

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(a), the parties shall meet to discuss settlement, make or arrange for Rule 26.1(a) disclosures, and develop a proposed discovery plan as required by Rule 26(f). The meeting shall take place no later than 14 days before the proposed scheduling order is due. Discovery shall commence immediately following the Rule 26(f) conference.

The parties are responsible for filing one, joint Proposed Scheduling Order with the Court. This Proposed Scheduling Order shall be signed by all parties. The Court's scheduling order format is available on the Court's website.

The Proposed Scheduling Order must include:

1. **Trial Date.** The parties will select a probable trial date. The proposed scheduling order's trial date designation should include the length of time required for trial and whether the trial will be a jury or bench trial. At the close of discovery, the Court will hold a conference with the parties to address scheduling a firm trial date.
2. **Proposed date for adding parties.**
3. **Proposed date for amending the pleadings.**
4. **Discovery completion date.** The parties' discovery completion date should be at least 6 months before trial.
5. **Expert designation deadlines.** The parties' expert designation date should be at least 7 months before trial.
6. **Dispositive motion deadlines.** The parties' dispositive motion filing date shall be at least 5 months before trial, with any opposition and/or reply filed in accordance with Local Rule 56.1.
7. In **class action cases**, the proposed scheduling order must contain the deadlines set forth in the Court's proposed scheduling order for class action cases, available on the Court's website. The Court will hold a conference with the parties after issuing an order on class certification to discuss the case's status.

The parties shall file their Proposed Scheduling Order on CM/ECF under "Other Filings – Other Documents – Proposed Scheduling Order."

After confirming the trial date, the Court will automatically calendar a **status conference** 4-5 weeks before the trial. The Court will also automatically calendar a **pretrial conference** 2 weeks before the trial.

Before the pretrial conference, the parties must file the following:

1. <u>Motions in Limine</u>. Motions in limine shall be filed at least 10 days before the pretrial conference. Any responses shall be filed at least 3 days before the pretrial conference. The Court may refuse to consider any untimely filed motions in limine.

2. Stipulation of Uncontroverted Facts. At least 3 days before the pretrial conference, the parties shall file a stipulation of uncontroverted facts. If the parties cannot agree on any stipulated facts – including subject matter jurisdiction – the parties must file a joint statement to that effect. Even though the discovery deadline has closed, a request to stipulate, if preserved for the record, will constitute a request for admission under Fed. R. Civ. P. 36 and failure to stipulate may be sanctionable under Fed. R. Civ. P. 37(c).

3. Witness List. At least 10 days before the pretrial conference, each party shall file and serve a list of all witnesses who may be called at trial. If the parties fail to identify a witness, then that witness will not be permitted to testify absent leave of Court. The parties may not file a supplemental or amended list after this deadline without leave of Court. In requesting leave of Court, the parties must provide a memorandum explaining good cause as to why they failed to timely identify the witness.

4. Exhibit List. At least 5 days before the pretrial conference, the parties shall file and serve a list of all exhibits that may be offered at trial. Additionally, the parties must provide an exhibit index to the courtroom deputy. The exhibit index shall be prepared on a form provided by the clerk's office. Each exhibit shall be identified as either "Plaintiff" or "Defendant." Plaintiff's exhibits shall be numbered with an Arabic numeral, beginning with 1. Defendant's exhibits shall be lettered, beginning with A and continuing until ZZZZ. If an exhibit exceeds one page or part, the number of pages or parts shall be included in the exhibit index's description. The exhibit number or letter must be marked on each exhibit. The parties' exhibit indexes do not have to include exhibits that will be used only for rebuttal purposes. The Court may exclude any exhibit not included in the parties' exhibit list. The parties may not file a supplemental or amended list after this deadline without leave of Court. When requesting leave of Court, the parties must provide a memorandum explaining good cause as to why they failed to timely identify the exhibit.

5. Stipulation as to the Admissibility of Evidence. At least 3 days before the pretrial conference, the parties shall file a stipulation regarding the admissibility of evidence. The stipulation is appropriate when the parties are not contesting an exhibit's identification and foundation.

6. Designation of Deposition Testimony. At least 15 days before the pretrial conference, each party asserting an affirmative claim or claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, etc.) shall file and serve a designation of any deposition testimony it intends to offer in evidence. The designation shall specify the deposition testimony's page and line number.

7. Objections to Designated Deposition Testimony. At least 10 days before the pretrial conference, each party defending against an affirmative claim for relief shall file and serve:

a. Any objections to the proposed designated deposition testimony;
b. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and
c. A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

8. <u>Submission of Deposition Designations</u>. At least 7 days before the pretrial conference, each party shall file and serve its objections to any deposition testimony designated pursuant to subparagraphs 7(a) and 7(b), above.

The parties must submit deposition designations in the following manner:
a. The parties shall jointly submit one copy of each designated deposition.
b. Each party shall highlight the portion of the deposition they want to designate.
c. Each party must also highlight any counter-designations.
d. Each party must use a different color to indicate their designations (i.e., Plaintiff uses yellow, Defendant uses blue, etc.).
e. Each party must indicate their objections on the actual deposition by bracketing the objectionable portion in the margin, using a different color to indicate the portion to which each party objects.
f. The parties must submit a table of contents before each copy of the designated deposition. The first section of the table of contents should identify the Plaintiff's chosen color, along with the specific designations and counter-designations. The second part should identify the Defendant's chosen color, along with specific designations and counter-designation. The third part shall identify the Plaintiff's objections, by page and line number, in numerical format (i.e., "1. Page 2, Lines 33-40 – hearsay). The fourth part shall identify the Defendant's objections, by page and line number, in numerical format.

9. <u>Jury Instructions</u>. At least 10 days before the pretrial conference, the parties shall jointly submit a clean original (without sources) and an annotated (with sources) set of jury instructions. Proposed annotated instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District of Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate. All instructions should be designated with a header of "Instruction No. ___" without designating which party proposed the instruction.

Parties must submit instructions electronically, in word format, to the courtroom deputy.

The Court strongly prefers joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. When the parties disagree, counsel shall state in writing the reason for the objection with applicable authority cited. Counsel must also submit an alternate instruction, with written reasons as to why the alternate instruction is appropriate, along with sources. The parties must submit any objections and alternate instructions at least one week before the first day of trial.

10. <u>Trial Brief</u>. At least 5 days before the pretrial conference, each party may submit a trial brief stating its factual and legal contentions for the case.

11. <u>Voir Dire Questions</u>. The Court will conduct its own voir dire and permit the parties no more than 30 minutes each to ask additional questions. At least 5 days before the pretrial conference, counsel for each party should file a list of questions or topics for the Court's voir dire examination. Any objections to the parties' questions or topics must be filed at least 5 days before the first day of trial.