## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

JENNIFER RUSH,         )
                        )
     Plaintiff,        )
                        )
v.                    )   Civil Action No.: 6:26-03157
                        )
SELECTQUOTE INSURANCE  )
SERVICES INC.,       )
                        )
     Defendant.     )

## DEFENDANT, SELECTQUOTE INSURANCE SERVICES'S REPLY SUGGESTIONS IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, SelectQuote Insurance Services ("SelectQuote"), submits these Reply Suggestions in Further Support of its Motion to Dismiss Plaintiff's Class Action Complaint (Doc. 14) (the "Motion") and in reply to Plaintiff's Suggestions in Opposition to the Defendant's Motion to Dismiss (Doc. 18) (the "Opposition").[1]

### I.    INTRODUCTION

At no time—from the TCPA's enactment in 1991 through today—has "telephone call" ever meant or included "text message." This is not a case of applying old law to new technology, and SelectQuote is not arguing, as plaintiff suggests, for the application of parking laws to some automobiles but not others. The question is simply whether the

---

[1] Citations to plaintiff's Opposition are to plaintiff's pagination, not to the ECF Header at the lower right.

statutory phrase "telephone call" can be stretched to cover a different form of communication not included by Congress. It cannot.

SelectQuote asks only that the Court apply the plain meaning of the statute as enacted by Congress. Section 227(c)(5) creates a private right of action for a person who receives more than one "telephone call." Unlike other parts of the TCPA, it does not say "text message" or "telephone call or message." And it does not authorize the FCC (or plaintiff) to expand its private right of action beyond the words Congress used.

Plaintiff's opposition proves the point. Rather than accept the words Congress used in § 227(c)(5), plaintiff jumps between different statutory provisions, FCC orders, policy arguments, and cases that either addressed § 227(b), assumed the issue without deciding it, or deferred to agency interpretations before *McLaughlin*. Those non-binding authorities do not resolve the question presented here: whether this Court should construe a text message as a "telephone call" for purposes of the private right of action Congress created in § 227(c)(5). Under ordinary principles of statutory interpretation, the answer is no.

Plaintiff's response to her registration defect fares no better. The regulation she invokes explicitly applies to a "residential telephone subscriber who has registered his or her telephone number" on the DNC Registry. Plaintiff concedes she did not register the Number, and ***she does not even allege she was the subscriber***. Instead, she argues the DNC Registry does not collect personally identifiable information, so it would be impossible to prove the individual who personally registers a given number. But there is nothing to prove here; it is undisputed plaintiff could not have registered the Number more than seventeen years before she alleges becoming its user.

2

The Court should reject plaintiff's invitation to rewrite § 227(c)(5), apply the statute as written, and dismiss the Complaint.

## II.     LAW AND ARGUMENT

### 1.  A Text Message Is Not A Telephone Call.

Plaintiff's claim fails because § 227(c)(5) applies to "telephone call[s]," not text messages. Plaintiff does not allege she received a telephone call from SelectQuote. She alleges she received two text messages. That distinction is dispositive.

Like the plaintiff in *James*, plaintiff seeks to avoid the plain text of the statute by arguing for an expanded definition of the word "call." *See James v. Smarter Contact, Inc.*, No. 8:25-cv-1657, 2026 U.S. Dist. LEXIS 68492, *7 (M.D. Fla. Mar. 31, 2026) (where the plaintiff "improperly use[d] definitions of the verb form of 'call'"). But even if plaintiff were right about the meaning of "call" (she is not), § 227(c)(5) does not use "call" standing alone. It uses the phrase "telephone call." 47 U.S.C. § 227(c)(5). Plaintiff cannot isolate one word, define it as broadly as possible, and then use her definition to erase the word Congress placed before it. *See James*, 2026 U.S. Dist. LEXIS 68492 at *6–10 (rejecting expanded use of "call" without "consider[ing] the modifying effect on 'call' from 'telephone' as understood in 1991").

 "Telephone call" means something different than "communication," "message," "text message," or "telephone solicitation." In ordinary usage, a text message is not a telephone call. That was true when Congress enacted the TCPA in 1991, and it remains true today. *See id.* at *6–7 (concluding, based upon dictionaries "from before and after the TCPA's enactment[,]" that "a text message, which does not use a telephone to reproduce

3

sounds at a distance, is not included or embraced in the ordinary public meaning of 'telephone call' from 1991"); *see also Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385, 2026 U.S. Dist. LEXIS 65697, *6 (S.D. Ind. Mar. 26, 2026) (recognizing "the 1990 edition of Webster's Dictionary defined 'call' as 'the act of calling on the telephone,' and defined 'telephone' as 'an instrument for reproducing sounds at a distance'" to conclude a "plain reading of § 227(c)(5)" supports the "position that under § 227(c)(5), 'telephone call' does not mean text messages").

Other courts applying the same ordinary-meaning analysis have reached the same conclusion. In *Davis*, the court held the TCPA's text was "clear" because "[c]ertainly, no ordinary person would think of a text message as a 'telephone call.'" *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025). *Jones* likewise held that "under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages." *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025). *El Sayed*, too, reached the same result, explaining that "a 'telephone call' and a 'text message' are separate and distinct forms of communication." *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00846, 2025 U.S. Dist. LEXIS 209469, *3 (M.D. Fla. Oct. 24, 2025). And *Stockdale* rejected the same effort to turn text messages into telephone calls "because text messages do not use a telephone to reproduce sounds at a distance." *Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25 CV 1282, 2026 U.S. Dist. LEXIS 42954, *5 (N.D. Ohio Mar. 3, 2026).

Plaintiff's reliance on *Henson* does not help her. She argues "'identical words used in different parts of the same statute' carry 'the same meaning.'" Opposition at p. 21

4

(quoting *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 85 (2017)). But that argument, too, is belied where the statute does not use "identical words." Section 227(c)(5) says "telephone call." Section 227(a)(4) defines "telephone solicitation" to include a "telephone call **_or_** message" (emphasis added). Section 227(e) uses a disjunctive "or" to distinguish "**_a call_** made using a voice service" from "**_a text message_** sent using a text messaging service" (emphasis added). Those are different words in different provisions. See Jones, 792 F. Supp. 3d at 900 ("The fact that 'telephone solicitation' appears in Section 227(c) and is defined earlier in Section 227(a) … does not change the plain meaning analysis."). Indeed, the use of different words in different parts of the statute further clarifies that text messages are not telephone calls. See *El Sayed*, 2025 U.S. Dist. LEXIS 209469, *3 ("[T]he term 'text message' appears elsewhere in the TCPA and related amendments, an appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction.").

Plaintiff cannot fit a square peg into a round hole. Because she alleges only text messages, and because a text message is not a telephone call, her claim fails under the plain text of § 227(c)(5).[2]

---

[2] One need only ask a teenager whether there is a difference between a telephone call and a text message to understand the distinction. Indeed, most find a text message significantly less "intrusive." Further, plaintiff's argument suggests any form of communication received on a cell phone, such as an e-mail, could be deemed a "call," even though such an interpretation clearly is improper.

5

## 2. The Private Right Of Action Created By Congress Can Only Be Expanded By Congress.

In passing the TCPA and providing for a private right of action regarding the DNC Registry, Congress elected to limit that right of action to "telephone calls." 47 U.S.C. § 227(c)(5). To expand that right of action to text messages, Congress need only amend the TCPA, which it has done many times since 1991. Indeed, "Congress has amended the TCPA as recently as 2019 to add the phrase 'text message' in a neighboring provision, § 227(e)(8)(C), and chose to leave § 227(c)(5) unamended." *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415, *10–11 (N.D. Ga. Feb. 17, 2026).

Plaintiff's reliance on FCC orders and pre-*McLaughlin* authority rather than the words chosen by Congress is misplaced. *See McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 152 (2025) (directing district courts to "interpret the TCPA under ordinary principles of statutory interpretation"). Neither plaintiff nor the FCC can expand the private right of action established by Congress. Plaintiff's "quarrel is with Congress," and the "Court must interpret what Congress wrote." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 409 (2021) (limiting the scope of another provision of the TCPA to the specific technology identified by Congress in the statute); *see also Jones*, 792 F. Supp. 3d at 901 ("It is for Congress … to address the realities of today's technology[.]").

"Moreover, Plaintiff's argument that Section 227(c)(1)(E) instructs the FCC to 'fill up the details' of the TCPA's DNC provisions by defining 'telephone call' is unavailing. As other courts to hear similar arguments have held, claiming authority to make such a

6

determination under *Loper Bright* 'would likely more than double the number of private causes of action authorized by the TCPA.'" *Irvin v. Sonic Indus. Servs., LLC*, No. 3:25-cv-00242, 2026 U.S. Dist. LEXIS 90262, *10 (N.D. Ga. Apr. 20, 2026) (quoting *Radvansky*, 2026 U.S. Dist. LEXIS 32415 at *4 and citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)). "That is not merely 'filling up the details' of a statutory scheme." *Id.*

Plaintiff may believe § 227(c)(5) should include text messages. But the statute unambiguously does not. And even were there some ambiguity requiring the Court "to determine the best reading of the statute and resolve the ambiguity[, …] there is a best reading all the same—'the reading the court would have reached' if no agency were involved." *Loper Bright*, 603 U.S. at 373 (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843, n. 11 (1984)). That best reading is the one Congress enacted: § 227(c)(5) applies to telephone calls, not text messages.

### 3. Plaintiff Is Not The Subscriber Who Registered Her Telephone Number.

Plaintiff does not allege she registered the Number. She could not. The Complaint alleges the Number was registered on January 1, 2008. Doc. 1 at ¶ 11. It also alleges plaintiff became the regular and sole user of the Number on July 25, 2025. *Id.* at ¶ 10. Those allegations establish plaintiff is relying on someone else's registration from ***more than seventeen years*** before she claims to have used the Number. Not only that, but she is presumably relying on the registration of the intended recipient of the texts at issue. Said differently, taking all of plaintiff's allegations as true, SelectQuote sent two text messages to a customer with permission. For that, plaintiff asserts violations based on a DNC

registration she did not make, for a number she did not use until years after the registration, and regarding text messages not directed to her. That is not the law.

Rather, § 64.1200(c)(2) applies to a "residential telephone subscriber who has registered his or her telephone number" on the DNC Registry. 47 C.F.R. § 64.1200(c)(2). It does not create a claim for any later user of any number ever registered by someone else. Even the case cited by plaintiff premised its conclusion on it being "unlikely" that "a third-party may have registered a plaintiff's phone number before a plaintiff acquired it[.]" *Callier v. Am.-Amicable Life Ins. Co. of Tex.*, No. EP-22-CV-00018-FM, 2022 U.S. Dist. LEXIS 228176, *14 (W.D. Tex. Oct. 18, 2022). But that is **<u>exactly</u>** what happened here, as confirmed by plaintiff's own allegations. She does not even claim to have registered the Number.

Plaintiff does not allege she was the "subscriber," and she concedes she did not register the Number. Her claim must be dismissed.

### III.   <u>CONCLUSION</u>

Plaintiff received no "telephone call," did not register the Number, and does not allege she was the subscriber of the Number. Her claim exists only if the Court rewrites § 227(c)(5) to say what Congress did not. Because the TCPA does not permit that result, SelectQuote respectfully requests the Court grant its Motion and dismiss Plaintiff's Class Action Complaint with prejudice.

Dated:  June 25, 2026

Respectfully submitted,

*/s/ Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq. (*PHV*)
SESSIONS, ISRAEL & SHARTLE, LLC

8

3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002-8319
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: bstangelo@sessions.legal

and

Paul M. Croker                   #57000
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Phone: 816-221-3420
Fax: 816-221-0786
pcroker@atllp.com

*Attorneys for Defendant,*
*SelectQuote Insurance Services*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, a copy of the foregoing was electronically

filed via the Court's CM/ECF system, which will send notice to all parties through their

counsel of record.

/s/ *Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq.

9